NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **JOHN B. MCHUGH, JR.,** | Docket No.: 14-5867 |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **VANGUARD BENEFIT SOLUTIONS, LLC,** *et al.*, | |
| **Defendants.** | |

## WILLIAM J. MARTINI, U.S.D.J.:

Before the Court are two motions: Defendant Vanguard Benefit Solutions's Motion to Dismiss the Complaint and Plaintiff's Motion to Remand. For the reasons set forth below, the Motion to Remand is granted, and the Motion to Dismiss is denied as moot.

The basic facts of this case are simple. Plaintiff John B. McHugh reasonably believed that he had been enrolled in a long-term disability insurance plan. But when he became disabled, he discovered that someone had failed to actually enroll him in the plan. He now seeks damages to compensate him for the loss of insurance benefits.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On September 16, 2009, McHugh was hired as a technician at Defendant Franklin Sussex Hyundai, which is affiliated with co-Defendants Dover Chrysler-Jeep, Inc. ("Dover") and Nielsen Automotive Corp. ("Nielsen"). (Plaintiff's Declaration at ¶ 3). On March 29, 2012, McHugh met a representative of co-Defendant Vanguard Benefit Solutions, LLC ("Vanguard") and filled out an

enrollment form. (ECF No. 20-1). On the enrollment form, he selected enrollment in Dover's long-term disability insurance policy ("the policy"), and he declined enrollment in Dover's life insurance policy. (Plaintiff's Declaration at ¶ 4; ECF No. 20-1). In May 2012, deductions representing insurance premiums began appearing on McHugh's paycheck. (Plaintiff's Declaration ¶ 5).

On January 4, 2013 McHugh was diagnosed with leukemia. (*Id.* at ¶ 6). He filed his claim with Vanguard, but he did not receive any payment. (*Id.* at ¶¶ 7-8). He soon learned from co-Defendant, United of Omaha Insurance Company ("Omaha") that his claim was denied because he was not enrolled in the Dover long-term disability plan. (*Id.* at ¶¶ 9-10). According to an Affidavit supplied by an Omaha representative, Vanguard mistakenly enrolled McHugh in the life insurance policy instead of the long-term disability policy that McHugh had selected. (ECF No. 20-10).

Plaintiff filed a nine-count Complaint in the Superior Court of New Jersey on July 1, 2014. Counts One through Eight allege that Franklin Sussex Hyundai, Dover, Nielsen, and Vanguard are each liable for negligence and breach of contract to procure insurance. Count Nine sought a declaration that Omaha was in breach of its obligation to pay the full amount due under the life insurance policy.

Defendant Omaha received consent from the other Defendants to remove to federal court pursuant to 28 U.S.C. § 1441. Omaha filed a Notice of Removal on September 22, 2014. Plaintiff subsequently dismissed the claim against Omaha without prejudice via a stipulation filed October 29, 2014.

## II.    MOTION TO REMAND

"When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal." *Telesis Mergers & Acquisitions, Inc. v. Atlis Fed. Servs., Inc.*, 918 F. Supp. 823, 828 (D.N.J. 1996).

Pursuant to 28 U.S.C. § 1441, defendants may remove any state action to federal district court so long as the district courts have original jurisdiction over the action. In this case, removal was based on 28 U.S.C. § 1331, for a question "arising under" the laws of the United States, specifically, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Under the well-pleaded complaint rule, a cause of action may be removed on the basis of a federal question jurisdiction if the federal question appears on the face of plaintiff's properly-plead complaint. *Lazorko v. Pennsylvania Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000).

For removal to be proper, the federal question must be presented by the plaintiff's complaint as it stands at the time of removal. *Wells Fargo Bank, N.A. v. Krantz*, Civ. No. 13-2628, 2014 WL 1010971, at *3 (D.N.J. Mar. 13, 2014) *report and recommendation adopted*, 2014 WL 3514983 (D.N.J. July 14, 2014). "If it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 8 (1983).

## III.    DISCUSSION

In the Notice of Removal, Omaha claimed that the Court had original jurisdiction pursuant to ERISA, 29 U.S.C. § 1132(e). 29 U.S.C. § 1132 is ERISA's civil enforcement subsection. 29 U.S.C. § 1132(e) states that the district courts shall have "exclusive jurisdiction of civil actions" brought under ERISA's civil enforcement section. ERISA in fact preempts all state law claims that "relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). *See also Horizon Blue Cross Blue Shield of New Jersey v. Transitions Recovery Program*, Civ. No. 10-3197, 2011 WL 2413173, at *2 (D.N.J. June 10, 2011); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

At the time of removal, the Complaint said nothing of ERISA, but the claim against Omaha sought a declaratory judgment under N.J.S.A. 2A:16-52 "setting forth that [United] of Omaha is in breach of its obligations to pay the full amount due under the [p]olicy." (Complaint at ¶ 102). "Even though state law creates appellant's causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 13 (1983).

Plaintiff's claim for declaratory relief did "relate to" an ERISA-covered plan. The New Jersey Appellate Division explained in *St. Peter's Univ. Hosp. v. New Jersey Bldg. Laborers Statewide Welfare Fund*, 431 N.J. Super. 446 (App. Div. 2013):

Courts have given the phrase "relate to" a broad commonsense meaning. *Pilot Life Ins. Co. v. Dedeaux,* 481 *U.S.* 41, 47, 107 *S.Ct.* 1549, 1553, 95 *L.Ed.*2d 39, 48 (1987); *Finderne, supra,* 355 *N.J.Super.* at 188, 809 *A.*2d 842 (citing *Shaw v. Delta Air Lines, Inc.,* 463 *U.S.* 85, 96–97, 103 *S.Ct.* 2890, 2899–2900, 77 *L.Ed.*2d 490, 501 (1983)). A "'law 'relates to' an employee benefit plan . . . if it has a connection with or reference to such a plan.'" *L.B.S. Constr., supra,* 148 *N.J.* at 566, 691 *A.*2d 339. (alteration in original) (quoting *Shaw, supra,* 463 *U.S.* at 96–97, 103 *S.Ct.* at 2900, 77 *L.Ed.*2d at 501). *See also United Wire, Metal & Mach. Health & Welfare Fund v. Morristown Mem'l Hosp.,* 995 *F.*2d 1179, 1192 (3d Cir.) ("A rule of law relates to an ERISA plan if it is specifically designed to affect employee benefit plans, if it singles out such plans for special treatment, or if the rights or restrictions it creates are predicated on the existence of such a plan.") (footnotes omitted), *cert. denied sub nom.,* 510 *U.S.* 944, 114 *S.Ct.* 382, 126 *L.Ed.*2d 332 (1993). "ERISA preempts state laws even when those laws are not specifically designed to affect ERISA-covered plans or affects them indirectly." *L.B.S. Constr., supra,* 148 *N.J.* at 566, 691 *A.*2d 339.

*Id.* at 455.

Under this standard, Plaintiff's claim for declaratory relief against Omaha "related to" the policy because declaring that Omaha was in breach of its obligations would have required the Court's examination of the terms of the policy. *See Rieser v. Standard Life Ins. Co.*, 159 Fed. App'x 374, 378 (3d Cir.2005); *Frommer v. Celanese Corp.*, Civ. No. 07-4066, 2008 WL 1803535, at *3 (D.N.J. Apr. 21, 2008) (finding that ERISA preempts other claims that require the court to examine the terms of the employee benefit plan). For this reason, the Court had original jurisdiction over the declaratory judgment claim pursuant to ERISA's jurisdiction clause, 29 U.S.C. § 1132(e). Removal was therefore proper because the Complaint presented a live federal question at the time of removal.

Nevertheless, it has since come to light that Plaintiff did not have standing to sue under ERISA. In order to have standing to bring an ERISA civil enforcement action, a Plaintiff must be "a participant or beneficiary" in an ERISA-covered plan. 19 U.S.C. § 1132(a)(1); *see also Sturgis v. Mattel, Inc.*, 525 F. Supp. 2d 695, 704 (D.N.J. 2007) (*citing Bauer v. Summit Bancorp*, 325 F.3d 155, 160 (3d Cir. 2003)). Plaintiff concedes, and the evidence shows, that he was never enrolled in Dover's long-term disability policy. (ECF No. 13 at ¶¶ 9-14). Plaintiff has dismissed his claim against Omaha. He therefore no longer has any ERISA claims.

The remaining claims are for monetary damages, to be paid from the non-plan corporate assets of the remaining defendants.  These damages are to make Plaintiff whole for the injuries suffered as a result of defendants' alleged negligence and breach of contract in the procurement of insurance benefits.  These claims do not raise federal questions.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  "The general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction." *Schaffer v. Twp. of Franklin,* Civ. No. 09-347, 2010 WL 715349, *1 (D.N.J. Mar. 1, 2010). Since there are no more active claims over which this Court has original jurisdiction, it will decline to exercise supplemental jurisdiction over the remaining claims.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED**, and Vanguard's Motion to Dismiss is **DENIED** as moot.  An appropriate order follows.

/s/ William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 2, 2015**